OPINION
{¶ 1} Appellant, Caroline Shahan, filed this appeal from the judgment entered in the Stark County Court of Common Pleas, Juvenile Court Division, which terminated all parental rights, privileges and responsibilities of the Appellant with regard to her minor children and ordered that permanent custody of the minor children be granted to the Stark County Department of Job and Family Services (hereinafter the SCDJFS).
 {¶ 2} This appeal is expedited, and is being considered pursuant to App.R.11.2(C). The relevant facts leading to this appeal are as follows:
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant Caroline Shahan is the natural mother of Darien Shahan, whose date of birth is June 12, 1999; Camron Ramey, whose date of birth is July 27, 2000; and, Blake Ramey, whose date of birth is March 7, 2002. The alleged father of Darien Shahan is Gary White, deceased. The alleged father of Camron Ramey and Blake Ramey is Joshua Ramey.
 {¶ 4} On December 13, 2002, the SCDJFS filed a complaint alleging that Darien Shahan, Camron Ramey and Blake Ramey, were abused, neglected and dependent children and requested temporary custody of the children.
 {¶ 5} The facts which gave rise to the filing of the Complaint included an extreme lack of appropriate parental supervision, unsanitary home conditions, substance abuse by the parents, medical neglect, physical abuse and sexual abuse of the children.
 {¶ 6} At the time of the initial complaint, Darien had a bruise on his chest in the size of a fist; Cameron had bruising on his back consistent with a belt mark; and Blake had severe diaper rash on his buttocks and genital area.
 {¶ 7} On December 12, 2002, the children were removed from their mother's care pursuant to Juv.R.6.
 {¶ 8} On December 13, 2002, after a shelter care hearing, the Appellant voluntarily stipulated that probable cause existed for the issuance of the emergency shelter care order and the placement of the children in shelter care pending an adjudicatory hearing. The trial court made pre-adjudicatory orders for the Appellant to complete a psychological evaluation, drug assessment and urine screens.
 {¶ 9} On February 25, 2003, Appellant stipulated to a finding of neglect. The Court ordered the SCDJFS to "pay for needed services". A case plan for the Appellant was approved and adopted by the trial court, which included as follows: an evaluation and follow-up for substance abuse and random urine tests; a psychological evaluation and any recommended treatment; the successful completion of Goodwill parenting classes; participation in instruction with early intervention specialists regarding the stages of child development through either Healthy tomorrows or Eastgate; the successful completion of an anger management program at either Melymbrosia or Freespace; participation with Minority Development to maintain safe and stable housing; and obtaining and maintaining stable employment. In addition, SCDJFS provided Appellant with bi-weekly supervised visits with her children.
 {¶ 10} On June 11, 2003, Appellant's bi-weekly visits were modified and restricted to visits every three weeks and relative visits were only permitted with prior approval of SCDJFS.
 {¶ 11} On November 10, 2003, the SCDJFS filed a Motion for Permanent Custody. As grounds for the motion SCDJFS stated that "despite diligent efforts on the part of the agency, Mother had failed to remedy the problems which led to the removal of the children. Mother did not complete a psychological evaluation, substance abuse counseling, parenting education or anger management therapy * * * Mother has not [successfully] completed any services ordered."
 {¶ 12} On December 23, 2003, Appellant filed a motion for change of legal custody requesting that the trial court change legal custody of the children to their maternal grandmother, Robin Shahan. On June 4, 2004, the paternal grandparents of Camron and Blake moved to intervene and for custody of the two children. On June 15, 2004, paternal grandparent's motion to intervene and maternal grandmother's motion for custody were overruled.
 {¶ 13} Evidentiary hearings with regard to the motion for permanent custody were held on February 11, 2004, June 14, 2004 and August 24, 2004.
 {¶ 14} On July 19, 2004, via judgment entry, the trial court granted permanent custody of Darien Shahan, Camron Rampey, and Blake Ramey to the Stark County Department of Jobs and Family Services.
 {¶ 15} It is from this decision that Appellant-Mother appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 16} I. "Whether the trial court erred in its determination that the stark county department of job and family services put forth good faith and diligent efforts to rehabiliate the family situation? [sic]
 {¶ 17} II. "Whether the judgment of the trial court that the minor children cannot or should not be placed with appellant within a reasonable time was against the manifest weight of the evidence? [sic]
 {¶ 18} III. "Whether the judgment of the trial court that the best interests of the minor child would be served by the granting of permanent custody was against the manifest weight of the evidence?" [sic]
 {¶ 19} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 I. {¶ 20} Appellant, in her first assignment of error, argues that the trial court erred in granting permanent custody because SCDJFS failed to meet its burden of proving that it made reasonable efforts to eliminate the continued removal of the children from their home or to make it possible for them to return home. Appellant specifically contends that Appellee's failure to provide the Appellant with a bus pass and specialized training in the care of special needs children violated the duty to make "reasonable efforts" imposed pursuant to R.C.2151.419(A)(1).
 {¶ 21} R.C. 2151.419(A)(1) states that "the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child" must have "made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts."
 {¶ 22} In this case, SCDJFS had been working with the family for an extensive period of time with no significant improvement being shown by Appellant. Prior to the filing of the initial complaint, SCDJFS had engaged the family informally through the implementation of a safety plan and encouraged Appellant to use in home services such as minority development to help remedy the unsanitary and neglectful home environment in which the children were residing. The case plans, which were subsequently approved and adopted, outlined a specific strategy to remedy these ongoing concerns and work toward reunification.
 {¶ 23} As part of her case plan, Appellant was required to successfully complete the Goodwill Parenting Program, complete a substance abuse assessment and follow any recommendations, complete a psychological evaluation and participate in any recommended counseling, obtain and maintain employment, obtain and maintain a stable housing and participate in instruction on the developmental needs of her children.
 {¶ 24} Over more than 18 months, Appellant failed to successfully complete any of the court ordered services, failed to maintain safe and stable housing and failed to obtain and maintain employment. Appellant was unsuccessfully terminated from both Goodwill Parenting and Freespace counseling services.
 {¶ 25} Appellant further failed to contribute to the support of the children and exhibited an unwillingness to maintain stable employment in order to provide the children with food, shelter and basic daily necessities.
 {¶ 26} During most of the period that the case was pending, Appellant's whereabouts were unknown. Appellant failed to maintain contact with SCDJFS and was often transient moving to four separate locations in an 18-month period making it difficult for SCDJFS to provide Appellant with necessary services.
 {¶ 27} In addition, Appellant failed to maintain consistent contact with her children from October of 2003 until January of 2004. It was not until after the first phase of the permanent custody hearings that mother began to initiate visitation and renewed her efforts to complete her case plan objectives.
 {¶ 28} Given the amount of services offered to the Appellant and the lack of progress as a whole on the part of the Appellant, it is clear SCDJFS made reasonable efforts to reunify the family. In the case sub judice, the trial court specifically found that SCDJFS made reasonable and diligent efforts to prevent the childrens' removal from the home. We concur.
 {¶ 29} Appellant's first assignment of error is, therefore, overruled.
 II., III. {¶ 30} Ohio Revised Code Section 2151.414(B)(1), addresses under what circumstances a trial court may grant permanent custody. That statute provides as follows:
 {¶ 31} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 32} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 33} "(b) The child is abandoned.
 {¶ 34} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 35} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999."
 {¶ 36} In this case, the trial court found that the minor child could not be placed with either parent at this time or within a reasonable period of time.
 {¶ 37} The trial court further found that the grant of permanent custody was in the minor child's best interest. Appellant contends that the trial court's decision is against the manifest weight of the evidence. We disagree.
 {¶ 38} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C.2151.414(D). These factors are as follows:
 {¶ 39} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 40} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 41} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999;
 {¶ 42} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 43} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 44} In the case sub judice, despite diligent efforts on the part of the agency, Appellant repeatedly failed to remedy the problems which led to the removal of the children. The caseworker testified that at the time of the final hearing on August 24, 2004, almost 18 months after the initial complaint had been filed, Appellant had been reenrolled and was attending anger management every Wednesday evening; was beginning the recommended individual therapy; had been successfully terminated from the substance abuse program after dropping several negative urine screens; and, had begun to attend Goodwill Parenting classes. However, the caseworker further testified that although Appellant had the ability to successfully complete the case plan, Appellant's lengthy history of non-compliance did not offer a positive prediction for a successful outcome within a reasonable period of time.
 {¶ 45} Furthermore the testimony regarding the best interest of the children was as follows: Darien Shahan has significant developmental problems and was diagnosed with Persuasive Developmental Disorder (PDD) which is essentially a mild form of autism. He attends speech therapy and sensor integration therapy two times a month, and PDD therapy once a month. The caseworker described the minor child as difficult to parent and testified that there was a bond between Darien and Appellant but little interaction between the two during supervised visits.
 {¶ 46} Camron Ramey has physical, mental and emotional disabilities and struggles with aggressive and destructive behaviors. He attends speech therapy and sensor integration therapy two times a month, individual counseling every week and a therapy group for social behaviors. The caseworker described the minor child as difficult to parent requiring special parenting skills. The caseworker further testified that there was minimal interaction between Camron and Appellant during visits and that Appellant has significant difficulty supervising Camron.
 {¶ 47} Blake Ramey has no known significant physical, mental or emotional disabilities and no developmental problems. However, the minor child has a history of sexual abuse by his older brother and a serious speech impediment. The caseworker testified that the minor child has no significant bond with his mother.
 {¶ 48} With regards to the childrens' best interest, the caseworker testified that the children are adoptable, the current foster family shows a very deep commitment to the children and is interested in adoption and that SCDJFS is committed to that goal. She also testified that the children need a safe and stable home environment, which the Appellant is not able to provide. The caseworker stated that any harm, if any, by permanently severing the bond between the children and Appellant was outweighed by the benefit of a "permanent, safe, appropriate home". She further stated that the Appellant is not likely to remedy the problems which led to the request for permanent custody within a reasonable period of time. Lastly, we note that the guardian ad litem recommended that permanent custody be granted to SCDJFS.
 {¶ 49} We find that the trial court's finding that the children could not be placed with the Appellant in the foreseeable future and that the best interests of the children would be served by granting permanent custody to SCDJFS was not against the manifest weight of the evidence.
 {¶ 50} We find the evidence to be substantial and credible that it is in the childrens' best interest to be provided with a safe and stable home environment, which can only be available through permanent custody.
 {¶ 51} Upon review, we find that the trial court had clear and convincing evidence before it to grant the SCDJFS permanent custody of the children.
 {¶ 52} Appellant's second and third Assignments of error are overruled.
 {¶ 53} In conclusion, for the foregoing reasons, we find that the trial court's award of permanent custody to SCDJFS was not against the manifest weight of the evidence.
 {¶ 54} The judgment of the Stark County Court of Common Pleas, Juvenile Court Division, is affirmed.
Boggins, J., Wise, P.J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Court Division, is affirmed.